CHARLES T. MADDOX and ADOLPH AUR *vs.* JOHN WHITE.

The appellee leased a building to B., then postmaster of Baltimore city, to be used as the Baltimore post office, and at the expiration of the term, to be returned in as good order as when demised, reasonable wear and tear excepted. B. was succeeded as postmaster by M., *who entered upon the* premises and was accepted as tenant, but afterwards removed the post office and put the premises in possession of A., with authority to convert them into a beer establishment, and A. accordingly was proceeding to do so by tearing down petitions and committing other material waste and injury to the property. HELD:

That these acts of A. could be restrained by injunction upon a bill filed by the lessor, and neither the Postmaster General nor the United States are necessary parties to the suit.

A lessor may, by injunction, prevent his lessee, or those claiming under him or acting by his authority, from converting the demised premises to uses inconsistent with the terms of the lease, and from making material alterations for such purposes, and committing other kinds of waste.

When a case comes before this court upon demurrer, all the averments of the bill are to be considered as true.

A sub-lessee may be restrained by injunction from violating the stipulations in the original lease, without making the original lessee a party.

APPEAL from the Equity Side of Baltimore county court.

The appeal in this case was taken by the appellees, the defendants below, from the order of the court below overruling their demurrer to the bill of the appellee, and also from the order granting the injunction prayed for by the bill. The allegations of the bill and the facts of the case are fully

stated in the opinion of this court, as well as in the following opinion of the court below, (FRICK, C. J., PURVIANCE AND LE GRAND, A. J.,) delivered upon the passage of the order overruling the demurrer above referred to:

"The bill alleges in substance that the complainant, as owner of a certain building in the city of Baltimore, leased a portion of the same to James M. Buchanan, the postmaster for the city of Baltimore, "to be used as the Baltimore post office," and to be restored at the expiration of the term in the same good condition, the necessary wear and tear excepted; that the defendant, Maddox, has succeeded Buchanan as post-master, and that with his permission the other defendant is about to appropriate the premises to a liquor establishment, and is about to commit waste by the destruction or alteration of the walls of the tenement. The bill prays an injunction to stay waste. To this bill a demurrer has been filed, exhibiting for cause of demurrer the following reasons, (which are fully stated in the opinion of this court.)

The demurrer of course admits the truth of the averments of the bill, and the question therefore arises, is such a case presented by the bill as entitles the complainant to an injunction? It is clear that it is such a case. *See* 5 *Ves.*, 555. 1 *Johns. Ch. Rep.*, 435. 3 *Paige*, 254, and 4 *Sandford's Ch. Rep.*, 562, 587. In regard to a want of proper parties it need only be observed, that it is not a bill to enforce a specific performance but to stay waste, and prevent the violation of the terms of a contract. Neither the United States nor the Postmaster General are parties to the wrong complained of, and this court could pass no decree nor grant any process against them. The court are of opinion that the proper parties are in court, and that the demurrer is not well founded, and therefore, on this 14th day of October 1851, order that the demurrer be and the same is hereby overruled and the defendants ordered to answer the bill."

The cause was argued before ECCLESTON, MASON and TUCK, J.

10      v.4

---

Maddox and Aur, *vs.* White.

*Thos. G. Pratt* for the appellants.

1st. The contract for the lease of the house was made by Buchanan, as the agent of and by the authority of the United States. The lease was to him as postmaster, and signed by him as such. The contract was made on account of the government, and was a public and not a personal contract, which enured to the benefit of, and was obligatory upon, the government and not upon him, consequently the United States was a necessary party to this suit. 1 *Term Rep.*, 172, *Macbeath vs. Haldimand.* 1 *Cranch*, 363, *Hodgson vs. Dexter.*

2nd. If the contract is to be considered personal and not public, enuring to the benefit of and binding upon Buchanan and not the government, then Buchanan was a necessary party to the suit. 2 *Story's Eq.*, sec. 1526. 6 *H. & J.*, 14, *Cromwell vs. Owings.* 5 *Metcalf*, 124, *Ingraham vs. Dunnell.* 2 *G. & J.*, 376, *Mayor of Balto., vs. Chase.*

3rd. There is no privity of interest between the complainant and the defendants, and the acts complained of are consequently acts of trespass and not waste. There are many cases where a landlord would be entitled to an injunction against his tenant where he would not be against a stranger, such as Aur is in this case. 2 *Story's Eq.*, secs. 720, 721.

4th. An injunction will not be granted either in cases of trespass or waste, unless the bill states facts sufficient to satisfy the court that the injuries complained of would be *irreparable*, and *incapable* of being *compensated for by damages at law*, and no such statement is made by the bill in this case. *Jeremy's Eq.*, 328, 424. 7 *Metcalf*, 404, 405, *Atkins vs. Chilson.* 9 *G. & J.*, 473, 474, *Amelung vs. Seekamp.* 5 *Metcalf*, 125.

*Thos. S. Alexander* for the appellee.

1st. The appeal from the order granting the injunction is warranted only by the act of 1835, ch. 380, sec. 3, which requires as preliminary thereto, that the defendants shall have filed their *answers* to the bill. It is insisted that a demurrer is not an answer within the letter and object of the act. And

again, that the demurrer being overruled, there was not, at the time of the entry of the appeal, any thing on the record which could in any sense be treated as an answer. In addition to the act of 1835, see 9 *G. & J.*, 475, *Richter vs. Pue.*

2nd. Assuming that the demurrer overruled could be treated as an answer filed, and thus gratify the requisitions of the act, we next insist that the injunction was properly granted upon the case stated by the bill; and in support of this point, we rely on the authorities referred to by the county court. 5 *Ves.*, 554. 14 *Ves.*, 525. 1 *Johns. Ch. Rep.*, 435. 3 *Paige*, 254. 4 *Sandford Ch. Rep.*, 562.

3rd. An appeal will not lie from an order simply overruling a demurrer; and therefore the correctness of the order of the 14th October 1851, is not open for revision at this time. The act of 1830, ch. 185, limits the right of appeal to the case of a final decree or order in the nature of a final decree. None of the later acts extends the right of appeal to an order overruling a demurrer. And although an appeal from such order was entertained by this court in 2 *H. & G.*, 382, *Wolf vs. Wolf*, it is to be observed that the question was not raised in the case; and that in the subsequent case of *Danels vs. Taggart*, 1 *G. & J.*, 311, it was, upon consideration, expressly adjudged that an appeal will not lie from an order overruling a plea. The cases, it will be insisted, are identical in principle.

4th. If the merits of the demurrer are now before the court, we insist that the order of the court below is correct and ought to be affirmed. A court of equity has a clear jurisdiction, on a bill filed by a landlord, to restrain the tenant of premises demised for a specific purpose from devoting them to a different purpose; and especially when this change in purpose will involve the necessity of repairs and alterations tending to waste and injury, and will create a nuisance to the landlord, his family and his tenants occupying adjacent premises. As to the alleged want of parties we insist, that as the post office has been removed and the injunction is asked to prevent the tenant in actual possession from appro-

priating the demised premises to the purposes of his own private business, in which the United States and the Post-master General can have no interest, neither the United States nor the Postmaster General are necessary or proper parties to the suit.

*Pratt* for the appellants, in reply.

The act of 1835, ch. 380, authorises the appeal. Why is not the demurrer for all essential purposes an *answer?* It admits every thing in the bill to be true—and is therefore equivalent to an answer admitting all the allegations of the bill, and saying that the plaintiff is not entitled to recover. The order is a final one; it decides that the case made by the bill entitles the complainant to an injunction, for it not only grants but continues it. In 2 *H. & G.*, 387, the whole case was brought up by demurrer; see also 5 *Gill*, 359, *White vs. White.* 3 *G. & J.*, 491. 8 *Gill*, 376. 5 *H. & J.*, 459. 1 *Md. Rep.*, 344, *McChesney vs. Bruce.*

ECCLESTON, J., delivered the opinion of this court.

The bill in this case was filed on the equity side of Balti-more county court, by the appellee against the appellants. It states that the complainant, as the owner of a building in the city of Baltimore, which for some time had been, and still was, used as a post office, on the first day of June 1848, de-mised several apartments of the building to James M. Buch-anan, then postmaster of the United States for the city of Bal-timore. The demise being for the term of four years from the 1st of July ensuing. That it was stipulated that the pre-mises should be used as the Baltimore post office ; and that at the expiration of the term, the premises should be restored to the possession of the complainant, in the order and condition they were when demised, reasonable wear and tear excepted. That in virtue of this contract Buchanan, as postmaster, en-tered upon or retained possession of the premises, and con-tinued to use the same for the purposes of a post office, from the 1st of July 1848, until some time during the year after ;

when he resigned or was removed from the office of postmaster, and the defendant, Maddox, was appointed his successor. Whereupon Maddox, as postmaster, and in virtue thereof, assignee of Buchanan, entered upon the premises, and was accepted as tenant of the same, by the complainant, and occupied the demised property as a post office until about the month of August 1851, at which time Maddox removed the post office, and placed the premises, or the principal part thereof, in the possession of the defendant Aur, with directions or authority to the said Aur, to convert and use the same for the purposes of a beer establishment, or depot for the sale of beer and other fermented liquors. And the bill avers, that at the time of filing the same, Aur, claiming as assignee of Maddox, was actually engaged in tearing down partitions and committing other material waste and injury to the property, and making alterations in the arrangement thereof, with a view of fitting it up for the purposes of preparing and selling beer and other fermented liquors ; and that he avowed his purpose of establishing and opening a depot or place for sale of such liquors, as soon as he could make the necessary alterations- And the complainant insists, that by the terms of the agreement, the demised premises were to be used as a post office exclusively, and the appropriation thereof to a different purpose, would be a fraud on the agreement ; that the alterations proposed to be made would materially injure the property, and lessen its value, and directly violate the stipulation requiring the premises to be restored in like order and condition as at the time of the demise ; that the conversion thereof to the purposes intended by Aur, would be exceedingly offensive and a nuisance to the complainant and his family, who reside in an adjacent building, and to his tenants occupying parts of the same building ; and he apprehended he would lose those tenants and be compelled to leave the premises occupied by them vacant, or appropriate them to other purposes.

The bill prays for an injunction to restrain the defendants from using the demised property for any other purposes than those of a post office—and especially from altering or changing the order or condition thereof, by tearing down partitions or

Maddox and Aur, *vs.* White.

other fixtures, or making repairs or erections thereon, to fit the same for the purposes of a depot, for the manufacture, preparation or sale of beer, or other fermented liquors, or committing other waste or injury to the premises.

An injunction was granted, and then the defendants appeared and filed a demurrer to the bill, assigning for cause of demurrer the following reasons.

1st. That the complainant has not stated such a case in his bill as entitles him to the injunction or relief prayed for against the defendants.

2nd. That if the matters stated entitle the complainant to any relief against the defendants, his remedy is at law and not in equity.

3rd. That according to the complainants own showing the Postmaster General of the United States and the United States should have been made parties.

After argument the court below overruled the demurrer and ordered the defendants to answer. From this order and also from the order granting the injunction this appeal is taken.

Believing the appellee entitled to an affirmance on the merits, we deem it unneccessary to notice the preliminary questions, presented on his part, in regard to the regularity of the appeal.

On behalf of the appellants, in relation to the first and second grounds of demurrer, it was contended, that there was no privity between the complainant and defendants ; but more especially so in reference to Aur. That his acts complained of were those of a stranger and mere trespasser, which would not authorise the interposition of a court of equity, by an injunction; but if the complainant was entitled to relief his remedy could only be at law. It was conceded by the appellant's counsel, that a landlord, by injunction, could restrain injuries to his property, committed, or about to be committed by his tenant, when for similar acts by a stranger he could not have such relief.

That a lessor may, by injunction, prevent his lessee, or those claiming or holding under him, or acting by his authority, from converting the demised premises to uses inconsistent

Maddox and Aur, *vs.* White.

with the terms of the contract, and from making material alterations for such purposes, as also from committing other kinds of waste, will be found fully sustained by, 5 *Ves.*, 555. 1 *John. Ch. R.*, 435, *and* 4 *Sandf. Ch. R.*, 587. Which authorities are referred to by the court below. See also *Eden on Injunctions*, 377 *and* 378, *and* 2 *Story's Eq.*, *sec.*, 913.

As this case comes before us upon demurrer, we are to consider all the averments in the bill as true. And under the allegations therein contained, in connection with the exhibit therewith filed, we cannot consider either of the defendants as a stranger and mere trespasser, in the view insisted upon by appellants, but we agree with the county court in thinking the principles established in the authorities referred to are applicable to this case.

Nor was there any error in overruling the third objection presented by the demurrer. The United States and the Postmaster General were not necessary parties. No injury was done to the complainant by them or either of them, which it was important for him to restrain by the injunction, nor had he any ground on which to ask relief against them. In the case of *Barret vs. Blagrave*, 5 *Ves.*, 555, a sub-lessee, or rather his wife, during his insanity, was violating a stipulation contained in the original lease ; which the lord chancellor restrained by injunction.

The bill did not make the original lessees parties, but the sub-lessee and his wife were the only defendants.

The orders of the county court will be affirmed with costs to the appellee, and a decree will be signed to that effect, and remanding the cause for further proceedings.

*Orders affirmed and cause remanded.*