(Decided 18th April, 1867.)

---

JOSEPH C. BAUGHER, JAMES C. GOLDER, GEORGE A. SUTHERLAND, AND WILLIAM WROTH, *vs.* THOMAS R. CRANE.

*Injunction to prevent waste—Irreparable injury—What constitutes waste.*

An injunction is not granted to restrain a mere trespass, where the injury is not irreparable and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction by an action at law.

The mere allegation of a complainant, that irremediable damage or irreparable mischief will ensue is not sufficient. To satisfy the conscience of the

Court, the facts must be stated, to shew that the apprehension of injury is well founded.

The appellee, owner of a lot of ground on north Charles street, in the city of Baltimore, which was improved by a four-story brick warehouse, leased the same to A., who was to leave the premises, at the expiration of his lease, in as good order and condition as when demised, unavoidable wear and tear excepted. A. afterward subleased it to B., who, according to the allegations in the bill filed by the appellee, asking for an injunction, had commenced to tear away the whole of the front of the first story of said warehouse, and was about to alter and change the arrangement of the doors and windows, and to reduce the width of the front of the said warehouse, on the first floor, by putting a side door with stairway leading to the second story, had cut away various parts of the joists and beams and ceiling of the first and main story, and had taken away various braces, and other portions of the building, which weakened the whole structure, and was about to make many other alterations and changes, which would completely change the character and appearance of the said warehouse, and greatly impair the same. HELD:

That such acts and doings constituted waste by materially injuring the building; and which were not susceptible of adequate compensation at law, such compensation being too remote and contingent, and not equal to the urgency of the case; and injunction was the appropriate remedy as alone furnishing full and adequate relief.

The absence of an allegation in the bill, that the alterations in the house were attempted to be made for the purpose of converting the demised premises to uses inconsistent with the terms of the lease, was not in itself sufficient to justify the refusing of an injunction.

APPEAL from the Circuit Court of Baltimore City.

This appeal is from an order of the Court below granting an injunction, upon a bill filed by the appellee against the appellants. The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BOWIE, C. J., BARTOL, WEISEL and CRAIN, J.

*Oliver Miller* for the appellants.

1st. The mere allegation of irreparable injury from the acts complained of is insufficient to authorize the granting of an injunction; the facts must be stated to show that

the apprehension of the injury is well founded. *Roman vs. Strauss,* 10 *Md. Rep.,* 89 ; *Carlisle vs. Stevenson,* 3 *Md. Ch. Dec.,* 499 ; *Cherry vs. Stein et al.,* 11 *Md. Rep.,* 1.

It is submitted that the allegation of the bill as to irreparable damage, is not sustained by the facts stated. There is no averment that the lessees, Baugher and Golder, were insolvent, and there is a plain and adequate remedy at law under the covenant in the lease, to leave the premises in as good order and condition as at the date of the lease. If this, therefore, were a case between strangers, the bill would not authorize an injunction.

2d. Does the fact, that the relation of landlord and tenant exists between these parties, strengthen the case for an injunction ? It is true that where the lessee attempts to convert the demised premises to uses *inconsistent with the terms of the contract,* and to make material alterations for *such purpose,* or commits *waste,* he may be restrained by injunction at the suit of his landlord. *Maddox and Aur vs. White,* 4 *Md. Rep.,* 72 ; *Douglass vs. Wiggins,* 1 *Johns. Ch. Rep.,* 435 ; *Steward vs. Winters,* 4 *Sandf. Ch. Rep.,* 587 ; *Barret vs. Blagrave,* 5 *Vesey,* 555.

But it is submitted that this case is not within the principles decided in those authorities. There is no allegation or pretence that the alterations were attempted to be made for the purpose of converting the premises to uses inconsistent with the terms of the lease. It is not charged or pretended that the purpose of the alterations was to change this *warehouse* or *store* into a dwelling, a brewery, a stable, or anything else. And the allegations and facts stated, utterly fail to make out a case of voluntary or permissive waste. *Taylor's Landlord & Tenant,* secs. 345, 348, &c..

*Levin Gale* for the appellee.

1st. The injunction was properly granted, because the allegations of the bill charge acts and doings which go to

the destruction of the building, as it had been held and enjoyed. *Shipley vs. Ritter et al.*, 7 *Md. Rep.*, 408, and the cases there cited; *Hiss vs. McCabe*, not yet reported.

2d. That the bill shows a case of waste by parties who claim under the tenants; and the landlord has a right to an injunction to restrain such waste. 2 *Story's Eq. Jur.*, secs. 909–913; *Maddox and Aur vs. White*, 4 *Md. Rep.*, 72.

CRAIN, J., delivered the opinion of this Court.

This is an appeal taken from the Circuit Court of Baltimore City, granting an injunction, on the bill of the appellee to restrain the appellants from committing waste, by the destruction of a building or store-house owned by the appellee. The propriety of this order is to be determined by the bill alone, without looking to the answer subsequently filed.

The principles of law applicable to bills of injunction for waste have been repeatedly adjudicated by this Court, and it has been held, that an injunction is not granted to restrain a mere trespass, when the injury is not irreparable and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law; and Justice Dorsey, in the case of *Amelung and others vs. Seekamp*, 9 *Gill & John.*, 474, said:—"The mere allegation of a complainant that irremediable damage or irreparable mischief will ensue, is not sufficient. To satisfy the conscience of the Court the facts must be stated, to show that the apprehension of injury is well founded." Since that decision it has been uniformly held, that the averment of the commission of waste, and that the mischief is irreparable, will not be sufficient to justify a Court of Equity to interfere by injunction. *Green vs. Keen*, 4 *Md. Rep.*, 99. Recognizing these principles to control us

in deciding this case, we will examine the facts, as averred and set forth in the bill, to ascertain if they show a case of waste and apprehended danger, which justified the Court in granting the injunction. The appellee charges, that being the owner of a lot of ground, situate on the west side of North Charles street, in the city of Baltimore, which was improved by a four-story brick warehouse or store, designated No. 12 North Charles street, he leased the same, by writing, on the 7th day of February, 1866, to Joseph C. Baugher and James C. Golder for five years; that after the execution of the lease, the said Joseph C. Baugher and James C. Golder, being in the possession of the premises, delivered the possession of the same to George A. Sutherland and William Wroth, who took possession of the same, under some contract or sub-lease, the particulars of which were unknown to the appellee, and that the same was done without his knowledge or consent. The bill then charges, that the said Sutherland and Wroth have retained possession of the premises ever since, and have recently commenced to "tear away the whole of the front of the first story of said warehouse, and are about to alter and change the arrangement of the doors and windows, and to reduce the width of the front of the said store on the first floor, by putting a side-door with stair-way, leading to the second story, and have cut away various parts of the joists and beams and ceiling of the first and main story, and have taken away various braces and other portions of the building, which weakens the whole building, and are about to make many other alterations and changes, which will completely change the character and appearance of the said store, and greatly impair the same." Admitting this statement of facts to be true, (and they cannot, in this attitude of the case, be controverted,) do they constitute such material alterations of the house and acts of waste, as to justify the interference of a Court of Equity to prevent further threatened destruction of the

house? At common law such acts would be considered voluntary waste, as it was deemed incompatible with the interests of a landlord, for a tenant to make any such alterations, unless he was justified by the express permission of the landlord; but Mr. Taylor, in his treatise on the *Law of Landlord and Tenant,* says "this strictness of the common law has been essentially modified in this country, and, as now understood, it is no waste for the tenant to erect a new edifice upon the demised premises, if it can be done without destroying or materially injuring the buildings or other improvements already existing there." *Taylor's Landlord and Tenant, secs.* 345 to 348.

The lessees, in virtue of their lease, insist that they had a right to do all they had done, for the purpose of improving the store-house, adapting it to modern taste, and benefiting their business, and that the improvements made, and contemplated to be made, were beneficial to the landlord and enhanced the value of his property. On the final hearing of this case on its merits, the benefits and advantages accruing to the landlord will be a proper subject for consideration. On this appeal we can only examine the bill and exhibit of the appellee, and determine whether the facts charged in the bill make a case for the interference of a Court of Equity. From a recital of them the Court is judicially informed of the nature and consequences of the acts of the appellants, and enough is shown to justify the allegation that they were committing waste, by materially injuring the building. We think such wrongs and injuries are not susceptible of adequate compensation at law; for such compensation is too remote and contingent, and does not meet the urgency of the case. To prevent such waste and further destruction of his property, the lessor had a right to ask the aid of a Court of Chancery for an injunction. It was the appropriate remedy to meet the case, and afford the appellee full and ade-

quate relief. See *Shipley vs. Ritter*, 7 *Md. Rep.*, 408 ; *Maddox and Aur vs. White*, 4 *Md. Rep.*, 79 ; *Douglass vs. Wiggins*, 1 *Johns. Ch. Rep.*, 435 ; *Steward vs. Winters*, 4 *Sandf. Ch. Rep.*, 587 ; *Barret vs. Blagrave*, 5 *Vesey*, 555; *and Hiss vs. McCabe,* decided in 1865, and not yet reported.

In the argument of this case the learned counsel for the appellants earnestly contended that, as there was no allegation or pretence that the alterations in the house were attempted to be made for the purpose of converting the premises to uses inconsistent with the lease, it did not come within the principles decided in the case of *Maddox and Aur vs. White*, 4 *Md. Rep.*, 79. We cannot consent to give such a restricted meaning to the language used by the learned Judge who delivered the opinion of the Court in that case. He certainly did not intend to limit the remedy by injunction only to cases where the lessees attempted to convert the demised premises to uses inconsistent with the terms of the contract. In that opinion he says, "It was conceded by the appellants' counsel that a landlord, by injunction, could restrain injuries to his property committed, or about to be committed, by his tenant," and he subsequently adds "that a lessor may, by injunction, prevent his lessee, or those claiming or holding under him or acting by his authority, from converting the demised premises to uses inconsistent with the terms of the contract, and for making material alterations for such purposes, *as also from committing other kinds of waste.*"

Believing that our view of this case is fully sustained by this decision, we will sign a decree affirming the order of the Circuit Court, with costs, and remanding the cause for further proceedings.

*Order affirmed and cause remanded.*

Decided 14th May, 1867.)