Reed *et al. v.* Lewis *et al.*

No. 8035.

REED ET AL. *v.* LEWIS ET AL.

LEASE.—*Mode of Occupation.—Special Use.—Injunction.*—Where the mode of occupation is fixed by a lease, or where the purpose of a lease is expressed therein, or where the intention of the parties to confine the leased premises to a special use, may be fairly implied from the words of the lease, the tenant may be enjoined from converting the property

Reed *et al.* *v.* Lewis *et al.*

to other purposes; but without such express language, or such reasonable implication, there is no such restriction upon the tenant.

SAME.—*Restriction of Use.*—*Agreement.*—A written agreement between A. and B. recited that A. had leased to B. "the following real estate, to wit," followed by a description of five acres of land by metes and bounds, concluding, "containing a certain steam saw-mill, dwellinghouse," etc., with the privilege of using all the timber on the premises, but with the restriction that all the valuable timber be used only for mill purposes, or in the improvement of the premises.

*Held*, that such lease did not restrict the lessee to the use of the land for the purposes of the mill only.

SAME.—*Duration of Lease for Years must be Certain.*—*Fee Simple.*—Leases for years must have a certain beginning and a certain ending, and so the continuance of the term must be certain, and leases of an uncertain duration are not valid leases for years.

QUERY.—Whether a lease to continue until an uncertain contingency does not create an estate in fee in the lessee, determinable upon the happening of the contingency.

SAME.—*Contract.*—*Intention of Parties.*—The intention of the parties to a contract must be gathered from the language of the contract, and when that is plain, and there is no mistake in it, it is conclusive.

From the Morgan Circuit Court.

*W. S. Shirley* and *J. H. Jorden,* for appellants.
*G. W. Grubbs* and *M. H. Parks,* for appellees.

BICKNELL, C.—This was a suit by the appellants, as assignees of a lessor, against the assignees of a lessee and their sub-tenants.

The appellees demurred to the amended complaint for want of a sufficient cause of action ; the court sustained the demurrer, and final judgment was rendered against the appellants.

The amended complaint avers that, on the 2d of January, 1863, William Reed and Peter Applegate agreed in writing that said Reed, in consideration of the covenants herein mentioned, of said Applegate, doth hereby demise, grant and lease unto him, his executors, administrators and assigns— but there is to be no assignment to any other than said Reed, if he will pay the price for the machinery offered by other parties—from the 2d day of February, 1863, until the ma-

·chinery on the herein described premises shall be removed, the following real estate, to wit: Then follows a description by metes and bounds, with the statement that the said metes and bounds shall contain five acres, which description concludes thus: "Containing a certain steam saw-mill, dwelling-house," etc.; and, "in consideration of said lease, the ·said Applegate covenants and agrees to operate said mill as ·a lumber mill during a part or all of the time it shall remain ·on said premises. The said Reed grants to said Applegate the privilege to use all the timber on said premises, reserving all the valuable timber, to be used only for mill purposes or improvement of said premises;" that at the date of this lease said Reed owned forty acres of land, on which were no improvements except said steam saw-mill and said dwelling-house used in connection therewith; that said Applegate kept the saw-mill in operation two years, and then assigned the lease to Lewis and Wigall, two of the appellees; that in July, 1872, said Reed conveyed the entire forty acres to the :appellants, and that the appellees Lewis and Wigall, without consent of appellants, have laid off and enclosed, upon said five acres, two lots, and have built a house on each of said lots, which houses are occupied by Miller, Cavanness .and Wyatt, three of the appellees, as sub-tenants of said Lewis and Wigall, but not in connection with said saw-mill; that in 1874 said Lewis and Wigall, without the consent of the appellants, built and enclosed, upon said five acres, a steam flour and grist mill, and a hog-pen, and have ever ·since continued to use the same; that thereby the appellants are deprived of the use of said five acres or any part thereof; that the appellees refuse to pay any rent to the appellants; that said Lewis and Wigall are receiving all the rents for said two houses, and for said flour and grist mill, to the damage of the appellants five hundred dollars; that appellants, before suit brought, demanded of the appellees possession of said premises, except said saw-mill and dwelling-

house, and except so much of said five acres as was used in con-
nection with the saw-mill and dwelling-house. The amended
complaint demanded judgment for the possession of said two
dwelling-houses, and of said flour and grist mill, and for five
hundred dollars as the rent thereof, and for possession of all
of said five acres, except what is necessary for said saw-mill
and the dwelling-house connected therewith, and that the ap-
pellees be enjoined from using and occupying said five acres,
except in connection with the use of said saw-mill and dwell-
ing-house, and that the appellants may have all other proper
relief. The error assigned is, that the court erred in sustain-
ing the demurrer to the amended complaint.

The complaint, as amended, assumes that the five acres
were leased for the sole purpose of operating a saw-mill,
and that any other use of the demised premises is therefore
unwarranted. Where the mode of occupation is fixed by
the lease, or where the purpose of the lease is expressed
therein, or where the intention of the parties to confine the
leased premises to a special use, may be fairly implied from
the words of the lease, then the tenant may be enjoined from
converting the property to other purposes. 1 Washburn Real
Property, 546 ; *Steward* v. *Winters*, 4 Sandf. Ch. 587 ; *Mad-
dox* v. *White*, 4 Md. 72. But without such express language,
or such reasonable implication, there is no such restriction
upon the tenant.

The writing in controversy in this case is not a lease of a
saw-mill and five acres of land to be used only for the pur-
poses of the mill ; it is a lease of five acres of land, described
by metes and bounds, and the subsequent words, "contain-
ing a certain steam saw-mill and dwelling-house," etc., do
not limit the extent of the grant. There is nothing in the
instrument, from which it can be inferred that the parties
intended to confine the use of the land to the requirements
of the saw-mill ; on the contrary, the lessor agreed that the
lessee and his assigns might use, for any purpose, all the

timber on the premises, reserving only the valuable timber "for mill purposes or improvement of the premises." The fair construction of the instrument is, that the saw-mill is to be operated while the machinery is there, and that the lease is to end when the machinery is removed, and that the valuable timber must be used exclusively for mill purposes and for improvement of the premises.

It is not averred in the complaint, that the saw-mill is not operated, nor that the machinery has been removed, nor that the valuable timber has been misapplied, nor that the additional improvements on the five acres hinder in any way the use of the saw-mill and its dwelling-house.

The lease in controversy was uncertain in its duration. Leases for years must have a certain beginning and a certain ending, and so the continuance of the term must be certain. 1 Shep. Touch. 272 ; Co. Litt. 45 b.

Formerly, in case of uncertain leases made until such a thing be done, or so long as such a thing shall continue, if livery of seizin were made upon them, they might have been good leases for life, determinable upon these contingencies, although not good leases for years. Co. Litt, 45 b. n. 2. They were bad as leases, because of the uncertainty of their duration ; they could not pass a fee for want of the word "heirs ;" they were therefore held to create estates for life.

The lease in controversy is to continue until an uncertain contingency, to wit, the removal of the machinery ; but, as the word "heirs" is not now necessary to create a fee, and as every grant is construed most strongly against the grantor, and conveys all he has unless a lesser estate is expressed, it would seem that here an estate in fee was created, determinable upon the happening of the contingency.

The case resembles *Wickersham* v. *Bills*, 8 Ind. 387. There A., B. and C. granted to E. the right to use and improve a mill-dam and race on their land, on condition that E. should build and run a grist mill, and that if he, or those holding

under him, should fail to build the mill, or fail to keep it in operation, then the grant should cease. After building the mill, E. died, and his heirs sued the grantors for disturbing their possession of the mill and race. The defendants answered, setting up the foregoing facts, and claiming that E., the ancestor of the plaintiffs, held under them as tenant for life, and that, he being dead, the mill had reverted to them, and they had taken possession of it. To this answer the plaintiffs demurred; it was held in this court that the demurrer was rightly sustained. The court said, "We think it equally clear that his heirs should be considered as holding under him, within the intention of the parties." In other words, they held that the grantee did not take an estate for life.

But, whatever may be the estate created by the instrument in controversy, the amended complaint contained no sufficient cause of action, the demurrer to it was rightly sustained, and the judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.

## ON PETITION FOR A REHEARING.

BICKNELL, C.—It is a clear proposition that leases of an uncertain duration are not valid leases for years. Upon such a point it is unnecessary to repeat the authorities cited in the foregoing opinion. As to the contract in suit, even if there were no element of uncertainty as to its duration, even if it were to endure for a fixed term of years by its expressed provisions, a complaint thereupon, with the same statements and claiming the same relief as the complaint in this case, could not be sustained.

The petition for a rehearing assumes that here was a lease

for the sole purpose of operating a saw-mill, and that the intention of the parties was that the land was to be used for saw-mill purposes only, and that any other use of the property would violate the contract and make the occupant liable to pay the other party a compensation for such use; but the intention of the parties must be gathered from the language of the contract, and where that is plain, and there is no mistake in it, it is conclusive. The writing in this case begins thus: "This agreement made and entered into," etc.; then follow the words, "demise, grant and lease the following real estate," giving its metes and bounds; then come the words, "containing a certain steam saw-mill, dwelling-house," etc.; then follow the words which grant to the party of the second part "the privilege to use all the timber on said premises," with the restriction, however, that "all the valuable timber shall be used only for mill purposes, or improvement of said premises." This last language evidently contemplates not only a use for mill purposes, but improvement of the premises besides; the "premises" were the land granted; there is nothing in any of the words of the grantor which indicates a lease of a saw-mill and five acres of land, to be used only for the purposes of the saw-mill; the valuable timber was to be used only for the purposes of the saw-mill, that was all. Now look at the covenants of the occupant: he agrees "to operate the saw-mill during a part or all of the time it shall remain on said premises," and that he will not assign to any other than the grantor, "if he will pay the price for the machinery offered by other parties;" there is no stipulation on the part of the occupant, that he will not use the five acres except for mill purposes. The instrument not only leaves him absolutely untrammelled and free as to the use of the premises, but it expressly provides for the use of the valuable timber for the improvement of the premises, and for mill purposes also. In any valid lease, the tenant, if not restrained by the

terms of the lease, may use the premises for any lawful purpose. Yet the appellant claims a forfeiture and damages, and rent for the flouring mill, and compensation for every use of the property except the use for the saw-mill. There is no ground for forfeiture; there has been no waste; no covenant, express or implied, has been broken, and there is nothing in the agreement which warrants any such damages or compensation as the appellee in his complaint demands.

The petition for a rehearing ought to be overruled.

PER CURIAM.—Petition overruled.