# Clay *v.* Powell.

*Bill in Equity for Injunction to protect Exclusive Easement.*

1. *Equitable relief by injunction, in aid of exclusive easement or privilege.*—A court of equity will interfere by injunction, at the suit of a lessee who claims an exclusive privilege, or right to carry on a particular business on the leased premises, to prevent another lessee, having notice of that right or privilege, from making an improper use of his own rented premises in violation of that right or privilege; the jurisdiction being analogous to the remedy by specific performance, and also founded on the necessity of preventing a constantly recurring grievance, resulting from a continuous breach of covenant, which can not be adequately compensated by an action for damages at law.

2. *Same.*—The lessee defendant having sold to his sub-lessee, by contract for a definite time, the right to carry on the business in violation of plaintiff's exclusive privilege, the latter can not complain of the dissolution of the temporary injunction as against said lessee, when he does not keep the injunction in force as against the sub-lessee; for the court will not, by injunction, compel one defendant to commit a trespass or injury on another.

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. H. A. SHARPE.

C. F. HAMILL, and W. L. CLAY, for appellant, cited *Maddox v. White,* 4 Md. 72, or 59 Amer. Dec. 67; *Altman v. Royal Aq. Society,* 3 Ch. Div. (Law R.) 228; 3 Wait's Actions & D. 692; *Rembert & Hale v. Brown,* 17 Ala. 667; *Calhoun v. Cozens,* 3 Ala. 498; *Jackson v. Miller,* 21 Amer. Dec. 317; 61 Amer. Dec. 540; *Ledbetter v. Walker,* 31 Ala. 175; 86 Ind. 476, or 44 Amer. Rep. 332.

SOMERVILLE, J.—The complainant, Clay, claims to be the exclusive owner, by purchase, of the right to sell tobacco and cigars in the office of the Florence Hotel, in Birmingham, Alabama, for the space of twelve months from October, 1886. With this privilege he also rented from Jackson & McCurdy, proprietors of the hotel, sufficient space in the office to carry on this business, and proceeded openly to carry it on in exercise of his right.

The purpose of the bill is to enjoin the defendant, Hugh L. Powell, and his sub-lessees, Foster Bros. & Co., from any wrongful disturbance of the complainant's easement. It is

alleged that Jackson & McCurdy, who are also made defend-
ants to the bill, had, after their agreement with complainant,
cut off a space in the hotel office, separating it by a partition
of wood and glass, and connecting it by a front entrance with
19th Street, and had rented it to Powell, to be used by him
as a railroad supply store; and that Powell, being himself
interested in the business, had allowed the defendants, Foster
Bros. & Co., to carry on the business of selling cigars and
tobacco on the rented premises, with notice of complainant's
easement, thus injuriously competing with complainant's
business, and interfering with his exclusive right.

It is not denied that the bill has equity, as one in the
nature of specific performance, to prevent a sub-lessee from
making an improper use of the rented premises, in violation
of an agreement of which he has notice; and also for the pro-
tection of an easement by the terms of which the complainant
is entitled to the enjoyment of an exclusive privilege.　The
bill is maintainable, in part, upon the principles analogous
to those governing the equitable remedy of specific perform-
ance, and in part upon "the necessity of preventing a con-
stantly recurring grievance, resulting from the continuous
breach of the covenant, which can not be adequately com-
pensated by an action for damages."—*Maddox v. White*,
4 Md. 72; s. c., 59 Amer. Dec. 67; note, p. 70–71; 2 High
on Injunctions (2d Ed.), §§ 1150–1151; *Parkman v. Aicardi*,
34 Ala. 457; s. c., 73 Amer. Dec. 457; 2 Pomeroy's Eq.
Jur. §§ 689, 614, 625; 3 *Ib.* § 1342; *Barrett v. Blagrave*,
5 Ves. Jr. 556; Wade on Notice, §§ 289, 300; *Manhattan
Man. Co. v. New Jersey Stock Yard, &c.*, 23 N. J. Eq.
161; *Frank v. Brunnemann*, 8 W. Va. 462.

The appeal is taken from an interlocutory decree dis-
solving a preliminary injunction granted by the chancellor,
restraining the defendants from interfering with, or disturb-
ing the easement claimed by the complainant.　This was
done on the denial, in the answer of Hugh L. Powell, of
the allegations on which rested the equity of the bill.
There is no assignment of error based on the action of the
chancellor dissolving the injunction against Foster Bros. &
Co., and hence no question is raised by the record as to the
correctness of that ruling.

The injunction against the defendant, Hugh Powell, was
based on the theory, that he had some interest in, or power
of control over the business of Foster Bros. & Co., and that
he had the legal authority to revoke a mere license given to

them to sell cigars and tobacco on the premises occupied by them. A precedent for such an injunction is found in *Altman v. Royal Aquarium Society*, 3 Ch. Div. (Law Rep. 1876), p. 228, where the complainant, having the exclusive right to sell and exhibit certain foreign wares on the premises of the defendant society, was restrained by injunction "from permitting, or neglecting to prevent," the sale or exhibition of goods by other persons, in violation of the complainant's right.—2 High on Inj. § 1151. But an interlocutory injunction can not be resorted to for the purpose of divesting vested rights, or taking property from the possession of one person and putting it in the possession of another, or of undoing what has already been done; since "it might thereby be productive of as much injury to defendant, as that of which the party aggrieved complains." The jurisdiction, therefore, as observed by Mr. High, "being exercised to prevent the further continuance of injurious acts, rather than to undo what has already been done, on an interlocutory application for an injunction, courts of equity will only act prospectively, and will interpose only such restraint as may suffice to stop the mischief complained of, and preserve matters in *statu quo*."—2 High on Inj. § 4.

The explicit denial by Hugh L. Powell, of all interest in the business of Foster Bros. & Co., and of all power of control over them in conducting it, and the statement of facts made in the answer in support of this conclusion, all go to a direct denial of allegations in the bill, the truth of which is essential to the maintenance of the injunction against this particular defendant. Conceding that he is chargeable with notice of the complainant's rights, by reason of complainant's open and continuous occupancy of the premises, the wrong done by Powell, if any, was creating the easement in favor of Foster Bros. & Co., which was by contract for a definite time, in fraud of the complainant's exclusive privilege, already granted by the hotel proprietors. The defendant could not be compelled by preliminary injunction to interfere with Foster Bros. & Co., so as to prevent them from exercising a right which he had sold them, in connection with the right of occupying the premises to carry on their business. He might thus subject himself to an action of trespass, and a court of equity will not compel one defendant by injunction to commit a trespass on another. The remedy is rather to extend its preventive arm, so as to enjoin the party who threatens to continue the use of his title

[Baker v. Schuessler.]

wrongfully acquired through a breach of contract, trust or confidence, to the prejudice of the complainant.

The remedy of the appellant was to keep in force his injunction against Foster Bros. & Co., the parties themselves who were actually carrying on the business of selling cigars and tobacco in disturbance of his alleged easement.—*Jones v. Ewing*, 56 Ala. 360; Code, 1886, § 3524. This he has failed to do; and in the absence of any assignment of error, based on the action of the chancellor in this matter, he is without remedy in this court.

There was no error in dissolving the injunction against Hugh L. Powell, and the decree is affirmed.