## John Leduke v. Mark H. Barnett.

*Breach of condition in lease against re-leasing.*

The lease of a building excepted all the upper story but the front room, and stipulated that if the tenant re-leased, or assigned the lease, without the landlord's written consent, the latter might re-enter. *Held*, that a license from the tenant to a third person to use a single apartment on the ground floor for thirty days, or even a sub-lease of the apartment for such a period, was not a breach of the condition, and that even if it was, the landlord was bound to show that it was without his written consent before he could recover possession of the premises in summary proceedings.

Error to Mecosta. Submitted Oct. 13. Decided Oct. 26.

Proceedings under Comp. L. ch. 211 to recover possession of lands. Plaintiff brings error. Affirmed.

*Frank Dumon* for plaintiff in error.

*J. H. Palmer* for defendant in error. When an action is based upon a breach of condition without consent, it can-

not be inferred that consent was not obtained, but it must be shown by the party relying on the breach: *People v. Wells* 8 Mich. 104; *Burk v. Webb* 32 Mich. 180; *Moore v. Vrooman* .id. 526; *Tower v. Det., Lans. & L. Mich. R. R.* 34 Mich. 338; *Shelden v. Dutcher* 35 Mich. 12; *Burdick v. Chamberlain* 38 Mich. 611; *Briggs v. Parsons* 39 Mich. 404; *Weirich v. Cook* id. 136; *O'Connor v. Beckwith* 41 Mich. 657; *Mills v. Van Camp* id. 646.

GRAVES, J. Leduke commenced this action before a circuit court commissioner to recover possession of certain leased premises, and it was appealed to the circuit court. The hearing was before the circuit judge who made a special finding of facts and gave judgment in favor of the respondent. Leduke asks a reversal on writ of error. The only question raised is upon the sufficiency of the facts to support the judgment rendered against him. Hence the point involved is whether the facts found were such as to entitle him to a judgment. Because if they were not, the decision in favor of his opponent was a necessary conclusion.

By his complaint he described a parcel of land twenty-five feet wide and one hundred and fifty feet long and alleged that he was lawfully entitled to the possession "of said lands and premises, with the appurtenances, but that the said Mark H. Barnett holds the same unlawfully, and against the rights of this complainant."

The finding shows that on September 30, 1876, he made a lease in writing to one Albert Sachen of a portion only of the premises demanded. He excepted all the upper story of the building save the front room, and also excepted the right to use the vacant part of the lot in common with the lessee. The term was to begin when he should declare the building ready and continue two years and six months, and it actually commenced on November 11, 1876.

It was provided in the lease that the lessee should not release or assign the lease without Leduke's written consent and that in case of default in any of the covenants it should be lawful for Leduke to re-enter.

The lessee occupied and paid rent until just before the

commencement of this action. At that time he removed to a building which he had specially fitted up for his own use and shortly thereafter he agreed with Barnett that he might occupy one room on the ground floor of said leased premises for the period of thirty days for the purpose of selling boots and shoes; and Barnett proceeded to occupy in pursuance of such permission. Leduke claims that this transaction constituted a violation of the provisions of the lease in regard to releasing, and entitled him to re-enter, and he relies upon this as his cause of action. He gave notice of his claim to both the lessee and respondent before suit and Barnett refused to surrender possession.

The lessee paid and Leduke received the rent "up to and including the date of actual occupancy by Barnett" and for the rent thereafter the lessee tendered the money and Leduke refused it.

There are several objections to a recovery by Leduke, but it is unnecessary to notice all. It is very questionable whether the right given to Barnett was anything more than a license, but it is certain that it only amounted to a sub-lease of a single apartment if it went beyond a license. It was not a releasing of the premises within the meaning of the lease. The thing forbidden unless permitted in writing, was a re-transfer of the whole property by way of lease and not the appropriation for a few days of a single room to the use of another. But it is needless to enlarge on this construction of the lease in this particular or discuss the actual position of respondent. Admitting the construction the plaintiff contends for, and still he shows no right of action on this record. There is no finding of the fact of non-consent. For aught that appears the lessee had full written consent to let in Barnett, and it was part of Leduke's case to establish the contrary. He could not otherwise make out the imputed violation of the lease, on which he based his proceeding.

The result is correct and the judgment must be affirmed with costs.

The other Justices concurred.