SPALDING HOTEL COMPANY v. EDWARD P. EMERSON and Others.[1]

August 12, 1897.

Nos. 10,346—(35).

**Lease—Use of Premises—Purpose Expressed in Lease.**

The purpose for which property is leased must be observed. To accept a lease of premises for a certain purpose, amounts to a covenant on the part of the lessee that he will so use them.

**Same—Injunction against Unauthorized Use.**

Where a lease does not contain an express or formal covenant that the premises shall be used for a certain purpose, with a forfeiture clause in case of a breach, but does contain language and stipulations equivalent to such a covenant, the lessor may, by injunction, prevent the lessee, or those claiming or holding under him, or acting by his authority, from converting the demised premises, or a part thereof, to uses inconsistent with the terms of the contract.

**Same—Use of Hotel as a Homestead by Lessee.**

Defendant E. entered into a lease with plaintiff, S., whereby E. became a tenant for years of certain hotel property. E., while operating the hotel under this lease, used and occupied certain rooms in the building for family purposes. He then became insolvent, and, under the insolvency laws of the state, a receiver of his estate was duly appointed. This receiver took possession of the hotel property, and, by order of the court, continued to operate the same as an hotel. In proceedings instituted to oust E. from his rooms, so used and occupied, it was held (In re Emerson, 58 Minn. 450) that the rooms constituted his homestead, and that, as against the receiver, he was entitled to possession. *Held*, in an action brought by the lessor to restrain' E. from continuing to occupy and use the rooms as his private residence, and also to restrain the receiver from permitting E. so to use the rooms, that, although there was no express or formal covenant in the lease with respect to the purposes for which the premises were demised, certain language and stipulations therein contained amounted and were equivalent, when considering the lessor's rights in this action, to an express and formal covenant that the premises should be used for hotel purposes exclusively.

**Same—Pleading.**

*Held*, that the complaint herein states a cause of action, as against E. and the receiver of his estate, for an injunction, as therein demanded.

1 Reported in 72 N. W. 119.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., sustaining the demurrer of defendant Edward P. Emerson and Telza W. Emerson to the complaint on the ground that it does not state a cause of action. Reversed.

*H. F. Greene,* for appellant.

*A. A. Harris* and *Henry E. Harris,* for respondents.

COLLINS, J.

This was an action brought by the plaintiff against the defendants, wherein it was sought to obtain, as relief against them, a permanent injunction restraining the defendant Silvey from allowing the defendant Emerson to occupy certain rooms in the Spalding Hotel, in the city of Duluth, as a homestead or for any other than hotel purposes, and to restrain the defendant Emerson from occupying the said rooms as a homestead or for any other than hotel purposes. The court below sustained a general demurrer to that complaint, and plaintiff appeals.

From the complaint it appears that defendant Emerson first entered into possession of the premises under a lease from plaintiff's predecessor in interest, the Spalding House Company. When the plaintiff purchased from the house company, it and defendant Emerson entered into a new lease, in substance the same as the first. Later, Emerson being insolvent, a receiver of his estate was appointed under the insolvency laws of this state, and such receiver (defendant Silvey) took possession, and, by order of the court, continued the hotel business. The receiver then attempted to oust Emerson from the occupancy of certain rooms in the hotel building which the latter claimed as his homestead. It was held, upon appeal to this court, that Emerson, as a tenant for years, was entitled to the homestead as claimed. In re Emerson, 58 Minn. 450, 60 N. W. 23. It was said in that opinion (page 454), although really obiter:

"There was no covenant in the lease that the premises should be used for hotel purposes exclusively, nor was there a forfeiture clause with the right of re-entry on the part of the lessor corporation in case they should not be so used."

This was said when considering the claim of counsel for the receiver that Emerson could not acquire a homestead interest because

of certain clauses in the lease. It was also stated that the right of the lessor corporation (the present plaintiff) would not be the right to re-enter in case the tenant disregarded the recital and stipulation found in the lease, but probably the remedy would be by injunction to restrain the tenant. However, the question now before us, the lessor's remedy in case the tenant disregarded the clauses and stipulations found in the lease, was expressly left undetermined. The gist of the decision on the point referred to was that the clauses and recitals in the lease would not inure to the benefit of the tenant's creditors, represented by the receiver, for the latter had no other or greater rights as against the insolvent than a judgment creditor could obtain.

Counsel for respondents contend that the decision reached in the homestead case is conclusive here, and for this reason the complaint did not state facts sufficient to constitute a cause of action. We cannot concur in this view. It is a familiar rule that a court of equity will enforce a covenant in a lease that the premises demised shall be used for certain purposes, and the tenant will be restricted to that use by injunction. While the tenant Emerson was operating the hotel, he certainly had a right to use a portion for his family, for it might well be that this was essential for the proper management of his business; and therefore, as against his creditors or their representatives, he might acquire homestead rights which could not be interfered with by either. His occupation of the rooms in question while he was conducting the hotel business was a part of that business, but, when he ceased the business, his continued occupation of the rooms was independent of and disconnected with it.

When he ceased the business of hotel keeping, he was no longer occupying the rooms for hotel purposes, but for the purposes of a private residence. That a plain and unambiguous covenant in the lease that the premises should be occupied for hotel purposes exclusively would have been broken as soon as the tenant ceased to carry on the hotel business, either because his estate had gone into the hands of a receiver or for any other cause, and he occupied all or a part of the hotel building as a private residence, is self-evident. That under such circumstances a technical forfeiture clause, which

would include the right of re-entry, could be enforced, is equally plain. The remedy of the lessor upon such a covenant, coupled with a forfeiture clause, would be re-entry, or, as we have seen, the covenant could be enforced in equity, and the tenant restricted to the use agreed upon, by injunction.

While, as before stated, there was no express or formal covenant as to the use to which the premises should be put in the lease (and it was the absence of this express or formal covenant which was mentioned in the former opinion), there was certain language used therein, and some stipulations, which, fairly construed, amounted to an agreement that the building was to be occupied by the tenant for hotel purposes exclusively. It was recited that the premises leased were an hotel building, and were demised and leased for hotel purposes, and to be operated as such; and, in the clause against subletting without the written consent of the lessor, it was stipulated that the clause should not be construed as preventing the leasing of cigar and news stands or spaces for other business incidental to that of operating an hotel. The lease also contained this clause:

"As a further condition of his occupancy of said premises agrees to conduct and operate therein and thereat a public inn, first-class in all its appointments or accommodations, give to it so much of his personal time and attention as may be necessary, and exert his best efforts for its successful management, and to maintain the reputation of the house, and continue it in the favor of the public, as well for his own profit as for the good name of the property and plant."

Now, with the construction we have placed on this language and this clause, which we hold to be an agreement to use the premises for hotel purposes exclusively, is the remedy which plaintiff lessor seeks available to it? No one would contend that, under the terms of the contract, the tenant would be permitted to close the hotel, and open a theater or a grocery house in lieu thereof, for the building was erected, fitted up, and furnished as an hotel. It was leased as an hotel and for hotel purposes. The lessor not only alleges that it is for its interest that an hotel be maintained and operated, but this is the presumption in view of the language and stipulations in the lease, which the lessor caused to be inserted therein, and should have the right to enforce,—language and stipulations which in this form of action ought to be construed as equivalent to an express

covenant in respect to the use of the premises, with a formal forfeiture and right of re-entry clause. No effect can be given to these portions of the lease unless it be held that there was a positive and enforceable agreement, of the nature above mentioned. Having entered into an agreement that the building should be expressly used for hotel purposes, with a rental fixed and other conditions inserted in the contract upon this basis, it would be most inequitable to hold that, notwithstanding a misuse of the property, and a rank violation of and departure from the terms of such contract, the lessor is without a remedy.

That equity will, by injunction, restrain the infraction of an agreement contained in a lease in regard to the use of the premises, although such lease may not contain an express or formal covenant or a forfeiture clause with the right of re-entry, is well settled. It has frequently been held that there is no adequate remedy at law for such a wrong, and consequently that the lessor may proceed as has this plaintiff. Among the cases in which it has been so held (and in some it is stated that no positive or irreparable injury to the lessor or to the premises need be alleged or proved), we cite De Forest v. Byrne, 1 Hilt. 43; Dodge v. Lambert, 2 Bosw. 570, and citations; Maddox v. White, 4 Md. 72; Frank v. Brunnemann, 8 W. Va. 462; Kirkpatrick v. Peshine, 24 N. J. Eq. 206; Gannett v. Albree, 103 Mass. 372. These cases are authority for the proposition that the purpose for which property is leased must be observed; that to accept a lease of premises for a certain purpose amounts to a covenant on the part of the lessee that he will so use them; and that a lessor may, by injunction, prevent the lessee, or those claiming or holding under him, or acting by his authority, from converting the demised premises to uses inconsistent with the terms of the contract.

There is no merit in the contention made by the respondents' counsel that, as the receiver is operating the hotel, it is, in so far as plaintiff's rights are concerned, being operated by the insolvent himself.

The complaint stated a good cause of action.

Order reversed.