C. DENECKE, Appellee, v. HENRY F. MILLER AND SON,
   MRS. HENRY F. MILLER, and WILLIAM C. MILLER,
   and J. B. TERRY, Appellants.

**Forcible entry and detainer:** NATURE OF ACTION. The action of
forcible entry and detainer is a summary proceeding, which under
the present statute may be brought in a court of record as
well as before a justice of the peace, and involves the fact of
possession contrary to the statute rather than a right thereto.

**Same:** QUESTIONS DETERMINABLE: JOINDER OF ACTIONS: WHEN
BARRED. The question of title can not be litigated in an action of
forcible entry and detainer; nor can there be a joinder of an-
other kind of action; and by the statute peaceable possession
for thirty days, with knowledge of the plaintiff, after the cause
of action accrues is a bar thereto.

**Same:** ACTION OF RIGHT: DAMAGES. The action of forcible entry
and detainer is not the exclusive remedy for the recovery of
possession of real property, but an action of right may also be
maintained by any one having a valid and subsisting interest in
the property and the right of immediate possession; and in such
actions damages may be recovered for withholding the property;
but there can be no joinder except of like proceedings, and
plaintiff must recover on the strength of his own title.

**Same:** ELECTION OF REMEDIES. Even though a landlord bring an ac-
tion of forcible entry and detainer, which is barred by thirty
days peaceable possession after a breach of the conditions of
the lease, still that fact will not constitute an election of remedies
estopping him from amending prior to judgment, thus converting
it into an action of right under which he may proceed.

**Landlord and tenant:** ACTION OF RIGHT. A landlord may maintain
an action of right for recovery of property leased, where he
claims a forfeiture of the lease by reason of a breach of its
conditions, both under the statute and the common law.

**Forcible entry and detainer.** The statutory action of forcible entry
and detainer does not supersede the common law remedy of the
landlord for the recovery of real property.

**Leases:** CONSTRUCTION. The court will look beyond the mere form

of a transaction to discover its true import; and so the fact that lessees sublet a part of the premises by an instrument styled a license was not controlling as to the character of the transaction.

**Leases:** FORFEITURE. Under a lease of premises for certain purposes and prohibiting a subletting without the lessors consent, a lease of part of the premises for a different purpose will not justify a forfeiture; but where there is a further provision prohibiting the use of the premises for a different purpose, the subletting of a portion for another purpose will work a forfeiture.

**Same.** A lessor may control the use of premises by such conditions in the lease as he wishes to make, a breach of which will work a forfeiture.

**Same:** DAMAGES: INSTRUCTION. A forfeiture when declared for breach of the conditions in a lease relates back to the time of the breach, and the lessor may recover damages from that date; especially where the lessee requested an instruction to that effect.

**Same:** DAMAGES: EVIDENCE: INSTRUCTIONS. The rent reserved in a lease is not determinative of the landlords damages after a forfeiture has been declared, but may be considered on that question; and an instruction directing that the rent reserved should not be regarded as fixing the damages was not a prohibition of its consideration on that question, and in the absence of a request for a specific instruction that it be considered in arriving at the damages, was sufficient.

*Appeal from Cedar Rapids Superior Court.*—HON. J. H. ROTHROCK, Judge.

SATURDAY, JANUARY 23, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

ACTION to recover the possession of certain real estate and damages for the wrongful detention thereof. Defendants claimed to be in rightful possession under a lease. Trial to a jury. Verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Jamison & Smyth,* for appellants.

*Grimm, Trewin & Robbins,* for appellee.

DEEMER, J.—Plaintiff is the owner of a certain lot in the city of Cedar Rapids upon which there is a store building, having acquired the same by purchase from one Calder some time in the year 1904. Previous thereto, and on or about January 1, 1903, Calder had leased the storeroom and basement of the building to defendant Henry F. Miller & Son for the term of three years from and after January 1, 1903, with privilege of five, at the monthly rental of $30, payable on or before the 15th day of each month. Miller & Son immediately entered into the possession of the property under the lease, and were in possession when plaintiff bought the property. Among other conditions and provisions of the lease were the following: "And the said party of the second part covenants that it will use said premises as a plumbing store and for no other purpose whatever; that it especially will not úse said premises nor permit the same to be used for any unlawful business or any other purpose whatever; that it will not assign this lease or let or underlet said premises without a written consent under the penalty of a forfeiture of all of its rights under this lease." There was also provision for re-entry in case of breach of any of the covenants or for the recovery of possession by action of forcible entry and detainer.

Some time in January of the year 1906 defendant Terry entered into the possession of the leased property under an arrangement with Miller & Son, and put in a stock of electrical fixtures and supplies, and offered his services to the public as an electrical contractor. The arrangement between Miller & Son and Terry for the occupancy of the property is a matter of dispute; but it is undenied that Terry put in a stock of lamps, shades, cords,

sockets, doorbells, combination gas and electric fixtures, wire, batteries, motors, thermostats, etc. As soon as plaintiff learned of Terry's occupancy, he caused notice to be served upon Miller & Son of a forfeiture and termination of the lease, the material parts of which we here copy as follows: "You are further notified that said lease has been forfeited and terminated by you, in that it is covenanted therein that you would use said storeroom as a plumber's store and for no other purpose whatever, and that it is also covenanted therein that you would not assign said lease or let or underlet said premises without the written consent of the lessor under penalty of a forfeiture of all your rights under said lease, but, contrary to the said provisions of said lease, you have been using and permitting said premises to be used for other purposes than a plumber's store, and have underlet said premises to one J. B. Terry, all without the written consent of the undersigned; and you are further notified to quit and deliver up to the undersigned the possession of said premises within three (3) days from the date of the service of this notice, otherwise proceedings will be instituted against you by the undersigned to obtain possession of said premises. Dated at Cedar Rapids, Iowa, this 22nd day of January, 1906. C. Denecke." Notice was also served upon defendant Terry. As defendants refused to surrender possession, plaintiff on the 26th day of January, 1906, commenced action against the defendants to recover possession of the property, to remove them therefrom and for costs, on the theory that the lease had been terminated, and that defendants were holding possession of the property contrary to the terms thereof. No abstract of title was attached to the petition, but it contained sufficient allegations to justify a judgment as in an action of forcible entry and detainer. There were also sufficient facts pleaded to justify a recovery of the possession as in an action of right, save that no abstract of title was attached to the petition. But, as

it was admitted that defendants had taken possession of the property as tenants of plaintiff's grantor, and could not dispute the title, it may be that no abstract of title was necessary. However this may be, defendants answered, admitting plaintiff's ownership of the property, the making of the lease, and admitting the possession of Miller & Son, but denying all other allegations of the petition. Thereafter, and on September 13, 1906, plaintiff filed an amendment to the petition, making the necessary allegations for an action of right, and asking damages for the unlawful detention of the property in the sum of $500 and a judgment for the immediate possession of the premises. A demurrer to the petition as amended was interposed by defendants upon the ground of misjoinder of causes of action and of parties, and upon the further ground that plaintiff's remedy, if he had any, was an action of forcible entry and detainer. This demurrer was overruled, and defendants excepted. Thereafter, and upon order of court, plaintiff filed an amended and substituted petition embracing all the matters theretofore pleaded and increasing the prayer for damages to the sum of $800. Defendants answered, denying the material allegations of the substituted petition, and pleading a waiver of the forfeiture and a bar to the suit by reason of the fact that defendants were in peaceable possession of the property for more than thirty days after the alleged forfeiture occurred, and also alleging that plaintiff had never declared a forfeiture of the lease by giving notice or otherwise. Terry also filed a separate answer, denying the allegations of the petition, and alleging that he was in the joint possession and occupancy of the premises with Miller & Son as a licensee thereof.

Upon these issues the case was tried. The trial court held as a matter of law under the facts disclosed that there had been a forfeiture of the lease, and that plaintiff was entitled to the possession of the property from and

after January 1, 1906, and submitted nothing to the jury save the amount of plaintiff's damages.

The instructions material to our inquiry read in this wise:

(1) The damages which you will award to the plaintiff will be by you arrived at by finding from the evidence the reasonable rental value of the premises in controversy from the 1st day of January, 1906, to this date.

(2) The provisions of the lease which has been introduced in evidence and identified as 'Plaintiff's Exhibit A,' as to the amount of rent that should be paid for the premises in controversy, should not be considered by you as fixing or determining the amount of damages that you shall award to the plaintiff.

(3) The burden of the proof is upon the plaintiff to establish by the greater weight or value of the evidence, which does not necessarily mean the greater number of witnesses, the reasonable rental value of the premises in controversy from the 1st day of January, 1906, to this date.

The jury returned a verdict for plaintiff against defendant Miller & Son and the members of said copartnership in the sum of $790, for which, with immediate possession of the property, judgment was rendered. Many propositions are presented as grounds for a reversal, and to such of these as seem important we shall now turn our attention.

Defendants contend that the only remedy which a landlord has for the breach by a tenant of the conditions of his lease is an action of forcible entry and detainer, and, further, that, if he once commences an action of forcible entry and detainer, he may not by amendment change it into an action of right. As a corollary to this, they argue that thirty days uninterrupted possession by a tenant after a breach of the conditions of a lease is a bar, not only to an action of forcible entry and detainer, but also to an action of

*1. FORCIBLE ENTRY AND DETAINER: nature of action.*

right. The action of forcible entry and detainer is a summary one, and may now be brought in a court of record as well as before a justice of the peace (Code, section 4211, and cases cited), and the issue involved is the fact of possession contrary to the terms of the statute rather than the right thereto. *Stephens v. McCloy,* 36 Iowa, 659; *Emsley v. Bennett,* 37 Iowa, 15; *Delmonica Co. v. Smith,* 112 Iowa, 659; *Cagwin v. Railroad,* 114 Iowa, 129; *Chambers v. Irish,* 132 Iowa, 319; *Willis v. Weeks,* 129 Iowa, 525.

The title to the premises can not be investigated in such an action save in an incidental way. *Herkimer v. Keller,* 109 Iowa, 680. By statute (Code, section 4217)

2. SAME: questions determinable: joinder of actions: when barred.

thirty days' peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to the summary proceeding. *Heiple v. Reinhart,* 100 Iowa, 525; *McClelland v. Wiggins,* 109 Iowa, 673. In such an action title can not be investigated. Nor can there be a joinder of any other kind of action. Code, sections 4216, 4218.

But it is expressly provided in section 4216 that nothing therein contained shall prevent a party from suing for trespass or from testing the right of property in any

3. SAME: action of right: damages.

other manner. What is called an action to recover real property may be brought in this State for the recovery of real estate which shall be by ordinary proceedings. Section 4182. With it there can be no joinder except of like proceedings. Code, section 4182. The action may be brought by any one having a valid and subsisting interest in real property and a right to the immediate possession, and it may be brought against any one acting as the owner, landlord, or tenant of the property claimed. Code, section 4183. In such actions plaintiff must recover on the strength of his own title. Section 4184, Code. Such an action will lie on

behalf of one holding the legal title with the right to the immediate possession. *Marks v. McGookin,* 127 Iowa, 716. In such action damages may be recovered for the withholding of the property (Code, section 4187), and he must not only state that he is entitled to the possession of the premises, but the quantity of his estate and the extent of his interest therein, and generally he must attach to his petition an abstract of the title relied upon. Code, sections 4187, 4188. But plaintiff in such an action is only required to show title back to a landlord of the defendants whose title such defendants have acknowledged. *Morrison v. Wilkerson,* 27 Iowa, 374; *Brown v. Taber,* 103 Iowa, 1.

Assuming arguendo that plaintiff's action was originally one of forcible entry and detainer which might be barred by thirty days' peaceable and uninterrupted possession by defendants after breach of condition, it does not follow that plaintiff could not by amendment under our liberal system of pleading convert his action into one for the recovery of real property. As we view it, plaintiff might have availed himself of the summary remedy provided by statute to recover the possession of his property, provided such action was not barred, or he might have taken advantage of the slower and less summary method, and brought an action to recover real property, and in bringing the one without proceeding to judgment thereon he is not held to such an election as to estop him from amending his petition so as to convert it into the other. *Smith v. Bricker,* 86 Iowa, 285.

4. SAME: election of remedies.

We are thus brought down to the pivotal question in the case: Will an action of right or to recover real property lie on behalf of a landlord against his tenant to recover possession of the property leased where the landlord claims that there has been a forfeiture of the lease by reason of a breach of the conditions thereof? Our statutes seem broad enough

5. LANDLORD AND TENANT: action of right.

to permit it, and such in effect is the holding in *Cagwin v. Railroad Co.,* 114 Iowa, 129. Moreover, the rule for this country in view of the statutes providing how tenancies may be terminated and rights of re-entry established now is that an action of right or ejectment will lie on behalf of a landlord in such cases. See Warvelle on Ejectment, sections 150, 151, and cases cited. And the action may be maintained on behalf of an assignee or grantee of the original landlord. Warvelle on Ejectment, section 153. The remedy of forcible entry and detainer is regarded as cumulative, and not exclusive. *Chadwick v. Parker,* 44 Ill. 326, and Warvelle, *supra,* section 151. See, as further supporting these views, *Woodward v. Cone,* 73 Ill. 241; *Leary v. Patterson,* 66 Ill. 203; *Dodge v. Wright,* 48 Ill. 382; *Henderson v. Coal Co.,* 140 U. S. 25 (11 Sup. Ct. 691, 35 L. Ed. 332).

That the action of forcible entry and detainer does not supersede any common-law remedy of the landlord, see *Bowman v. Foot,* 29 Conn. 331. We have recognized the right of a landlord to maintain an action of right in *Patton v. Bons,* 50 Iowa, 508. See, also, *Roach v. Hefferman,* 65 Vt. 485 (27 Atl. 71); *Miller v. Havens,* 51 Mich. 482 (16 N. W. 865). Many cases seem to hold that, in the absence of a provision in the lease for forfeiture for breach of condition, the right does not exist, unless there be a statute authorizing it. See 24 Cyc. 1350, 1351, and cases cited. We need not decide this question now, for the lease before us provides for a forfeiture, and the statute (Code, section 4208) authorizes forfeiture for nonpayment of rent and for a holding by the tenant contrary to the terms of his lease.

6. FORCIBLE ENTRY AND DETAINER.

II. Having disposed of the question of remedies, we go now to the other questions in the case. It seems that Terry went to plaintiff to see about occupying a part of the building, and Miller also went to plaintiff to see about

letting Terry into the building with his electrical supplies. Plaintiff would not consent to this unless Miller would pay $10 more per month rental. This Miller refused to pay. This conversation was in December of the year 1905. Some time in that month, without plaintiff's knowledge or consent, Terry went into the building with his electrical business, and remained there until about March 1, 1907, paying Miller $25 per month for the use of the property. Miller & Son did not move out, but they gave Terry the east window in which to display his goods, part of the east side of the building, and part of the basement. Terry testified that he occupied about eighteen feet from the front of the store on the east side, and that there was no place designated in the basement for his use. For the purpose of meeting this situation and avoiding the condition of the lease as to subletting, Miller & Son and Terry signed the following contract:

Permission is hereby granted to J. B. Terry to put in a stock of electrical supplies in connection with my plumbing business in the storeroom and basement now occupied by me at No. 116 Second Avenue East of the city of Cedar Rapids, Iowa, and to use said room and basement in connection with my said business for the period of one year from date. Said stock of electrical supplies to be placed in said room at such place and places therein as may be designated by me from time to time and the room and basement is to be used by said Terry with said stock of goods in common with me. In granting this permission to the said Terry it is expressly understood that it is a privilege or license only for which he is to pay me the sum of $25.00 per month, and I, the said Terry, hereby accept of the above privilege and license above granted and for the period above granted. Signed in duplicate originals this 9th day of December, 1905.

Plaintiff knew nothing of this or of Terry's occupancy of the building until he received the following letter from Terry: "J. B. Terry, Electrical Supplies. No. 116

Second Avenue, Cedar Rapids, Iowa, Jan. 6, 1906. Mr. Charles Denecke, City—Dear Sir: I am in a position to render prompt and efficient service in electrical work and take pleasure in soliciting your business. Your supplies or repair work will receive my best attention. Yours truly, J. B. Terry." Almost immediately upon discovery, he, plaintiff, gave the notice of forfeiture and to quit heretofore quoted at some length. Defendants attempted to show that plumbers in the city of Cedar Rapids and vicinity carried electrical supplies as a part of their stock and business; but a careful analysis of this testimony will show that it was not the custom of plumbers in the city of Cedar Rapids, with reference to which place the lease in question was made, to carry anything in the way of electrical supplies save combination fixtures and thermostats. Miller & Son never made any pretension of doing electrical work, and did not undertake to do electrical work. This was left by them to electricians, although they did carry some electrical fixtures. There is no testimony to show that such a business as Terry was conducting was regarded in Cedar Rapids as part of a plumbing store or business.

Plaintiff contends that he was justified in forfeiting the lease, not only because there was a subletting or underletting to Terry, but because Miller & Son permitted

7. **LEASES:** construction. the premises to be used for a business other than a plumbing store, contrary to the terms of the lease. We have no doubt that the arrangement made by Miller & Son with Terry, although called a license, was a lease. It was a subletting or an underletting of a part of the premises, and, notwithstanding the paper signed by the parties names it a license, courts will look beyond the form of the transaction to discover its true import.

There was, however, no subletting or underletting of the entire premises, and, as forfeitures are not favored in law and conditions for which forfeitures are claimed are

strictly construed, we are inclined to the view that this
8. Leases:
forfeiture.
subletting or underletting of a part of the
building did not amount in itself to such a
breach of condition as to justify a forfeiture.  See, as sus-
taining this view, *Leduke v. Barnett,* 47 Mich. 158 (10
N. W. 182); *Smith v. St. Philips,* 107 N. Y. 610 (14 N.
E. 825); *Roosevelt v. Hopkins,* 33 N. Y. 81; *Sommers v.
Reynolds,* 103 Mich. 307 (61 N. W. 501); Jones, Land-
lord and Tenant, section 468.  So that, if there were noth-
ing more to the case than a breach of condition against
subletting the action might not lie under the facts dis-
closed, yet it appears that there was not only a covenant
against subletting or underletting, but a provision as to
the use which could be made of the premises.  The con-
dition should, as we think, be construed as a whole, and a
subletting or an underletting of a part of the premises
for a business other than a plumbing store by Miller &
Son, the lessees, should be held to be a breach of the con-
ditions.

As supporting this view, see the following cases, which.
are clearly in point:  *Wertheimer v. Wayne Circuit Judge,*
83 Mich. 56 (47 N. W. 47); *Hayward v. Ramge,* 33 Neb.
836 (51 N. W. 229); *Spalding Hotel Co. v. Emerson,* 69
Minn. 292 (72 N. W. 119); *Gannet v. Albrie,* 103 Mass.
372; *Jackson v. Brownell,* 1 Johns. (N. Y.) 267 (3 Am.
Dec. 326); *Kraft v. Welsh,* 112 Iowa, 695.  A restriction
against the use of premises save as a private dwelling
house prevents their use as a school.  18 Am. & Eng.
Ency. of Law (2d Ed.) 635, 636.  A covenant to occupy
as a jobber prohibits occupancy as an auctioneer.  *Steward
v. Winters,* 4 Sandf. Ch. (N. Y.) 587.  A restriction
against the use of premises except for mercantile purposes
prohibits their use for a barber shop.  *Cleve v. Mazzoni,*
19 Ky. Law Rep. 2004 (45 S. W. 88).  Where premises
are leased for a school, they can not properly be used for
religious purposes.  *McDonald v. Starkey,* 42 Ill. 442.

Under a stipulation that the premises shall be used as a hotel, it has been held that the lessee can not use a part thereof as his home. *Spalding Co. v. Emerson,* 69 Minn. 292 (72 N. W. 119). Where premises are leased to be used as a spice store, and the lessee agreed not to sublet, use of part of the property for a music store was held to be a breach of condition. *Wertheimer v. Wayne Circuit Judge,* 83 Mich. 56 (47 N. W. 47).

It is perfectly legitimate for the lessor to control the use of his property, and he may insert such conditions in his lease with reference thereto as he pleases, and it is not for the lessee to say that they are unreasonable or finical. When broken and there is a stipulation for forfeiture, the lessor may terminate the estate for breach of condition. There is no discordant note in the many authorities upon this proposition. The trial court was justified in finding as a matter of law that defendant's estate or lease had been forfeited by reason of breach of the conditions of the lease.

9. SAME.

III. Further claim is made that the instructions given by the trial court with reference to damages are erroneous, in that plaintiff was allowed to recover the reasonable rental value from January 1st, instead of from January 22d, when the forfeiture was declared; and it is also insisted that the second instruction quoted is erroneous because it eliminated the consideration of the lease by the jury in fixing the rental value of the premises. Defendants paid their rent down to January 1, 1906. After that date, plaintiff did not regard them as his tenants, and did not accept any rent which by the terms of the lease was payable on or before January 15th of that year. He did give notice of forfeiture on January 22d, and claimed a right to recover damages for the wrongful detention. The general rule is that a forfeiture when declared relates back to the time when the breach occurred—this by relation for the purpose

10. SAME: damages: instruction.

of effectuating justice. *Clark v. Insurance Co.*, 1 Story, 109, Fed. Cas. No. 2,832; *Lippett v. Kelley;* 46 Vt. 516. Aside from this, defendants asked the court to give an instruction in effect asserting that plaintiff was entitled to recover from and after January 1, 1906, and down to April 1, 1907, the damages, if any, suffered by him. Having thus invited the error, if any there be, defendants are in no position to complain.

A careful reading of the second instruction indicates that it did not prevent the jury from considering the rent reserved in the lease as bearing upon the question of rental value during the time in question. The instruction simply says that it should not be considered as fixing or determining the amount of damages to be awarded the plaintiff. This is quite different from saying that it should not be considered in fixing and determining the same. Surely the rent provided by the lease does not fix the amount of damages, and there is nothing in the instructions which prohibits the jury from considering it in fixing the amount of damages. No one claims that it is the standard whereby the damages shall be fixed. At most, it could be considered in arriving at the question of reasonable rental value for what it was worth. Defendants asked no instruction upon this proposition. Nor did they offer the lease as evidence of the rental value of the property. The lease was admitted by all parties, and, if defendants desired to have the rent reserved therein considered in fixing the rental value, they should have asked an instruction to this effect. This they did not do, and they have no cause for complaint. Moreover, one of the defendants testified while on the stand that the reasonable rental value was not the amount fixed in the lease, but $40 per month. His testimony also indicated that there had been a change in the building since the written lease was made.

We discover no prejudicial error, and the judgment must be, and it is, *affirmed.*

11. SAME: damages: evidence: instructions.