**WEINKRANTZ et al. v. SOUTHWESTERN LIFE INS. CO.   (No. 9141.)**

(Court of Civil Appeals of Texas.   Dallas.
June 28, 1924.)

**1. Landlord and tenant ☞134(2)—Covenant as to business conducted held binding.**

Covenant not to carry on a particular business, or any business except one named, is binding.

**2. Landlord and tenant ☞134(2)—Lease restricting building to occupancy as men's hat store prevented use as gent's furnishing store.**

Under lease of building "to be occupied as a retail store for men's hats and not otherwise," injunction lies against lessee's operating on the premises a gent's furnishing store.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit by the Southwestern Life Insurance Company against Morris Weinkrantz and others. From an order refusing to dissolve a temporary injunction, defendants appeal. Affirmed.

Etheridge, McCormick & Bromberg, of Dallas, for appellants.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellee.

LOONEY, J.   This appeal is from an order of the trial court refusing to dissolve a temporary injunction theretofore issued.   On May 1, 1922, Southwestern Life Insurance Company, a corporation, leased to Morris Hat Company, a partnership, a storeroom in its building in the city of Dallas, known as Southwestern Life Building, for a period of five years, beginning January 1, 1922.   The storeroom was by the terms of the lease restricted to the following use: That is, "to be occupied as a retail store for men's hats and not otherwise."

The lessee used the premises as a retail store for men's hats up to the 5th day of July, 1923, and on said date put in a stock of gent's furnishing goods and began the use of the premises for this in addition to the other purpose named.

Appellee filed this suit praying for the issuance of both a temporary and permanent injunction, restraining appellant from operating on the premises a gent's furnishing store and from using the premises for any purpose other than for a retail store for men's hats. The temporary writ was issued and the motion filed by appellant to dissolve was overruled by the court, after hearing evidence, from which this appeal is prosecuted.

[1] The right of a lessor to control the use of his premises is undisputed.   He may insert such conditions in the lease contract with reference thereto as he pleases, and it is not for the lessee to say that they are unreasonable; thus covenants not to carry on a particular business or not to carry on any business except the one named in the lease contract is binding and may be enforced. 16 R. C. L. § 229, pp. 736, 737.

[2] This proposition is not controverted by appellants, but they say that the language of the lease that the store is "to be occupied as a retail store for men's hats and not otherwise" is descriptive and permissive only and not restrictive.   We cannot accept this view as the correct interpretation of the lease contract.   Appellant, having the undoubted legal right to restrict the use of the store room to a retail store for men's hats, and intending so to do, could not have used more appropriate language than was used to express this idea.

In the case of Houston Ice & Brewing Co. v. Keenan, 99 Tex. 79, 88 S. W. 197, the lease contract involved restricted the use of the premises in the following language:   " 'And it is agreed that said premises shall be used for the saloon business.' "   Construing this provision of the contract, Judge Talbot, for this court, said:

"We think it must be conceded that the stipulation in the lease, that the premises should be used for the saloon business, amounted to a covenant on the part of appellant to use them for no other purpose.   The particular use to which the building was to be put having been specified, a restriction against other uses will be implied, and the lease need not contain an express covenant imposing such restriction.   In such case the lessor may invoke the preventive powers of a court of equity to restrain the lessee from making any use of the premises inconsistent with the terms of the contract." Am. & Eng. Encl. of Law, vol. 18, p. 635; Taylor on Landlord and Tenant, vol. 1, p. 494; Spalding Hotel Co. v. Emerson, 69 Minn. 292, 72 N. W. 119.

This case was certified to the Supreme Court and two questions propounded, only one of which is material here, as follows:

Question No. 1:   "Did the stipulation in the lease contract, 'that said premises shall be used for the saloon business,' constitute a covenant on the part of appellant that it would use the land and premises for that particular purpose, and operate *as an implied restriction against other uses?*"

To which the Supreme Court responded as follows:

"To both questions we answer:   Assuming that the stipulation referred to in the first question 'constitutes a covenant,' nevertheless the contract of lease was not 'rendered illegal,' nor was appellant absolved from liability for rents, 'by the adoption of local option in Ellis county.' The opinion of the Court of Civil Appeals clearly states reasons which are satisfactory to this court, and that opinion is adopted and directed to be published with these answers."

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Thus the opinion of Judge Talbot, from which the excerpt above is quoted, met the approval of the Supreme Court.

The case of Dycus v. Traders' Bank & Trust Co., 52 Tex. Civ. App. 175, 113 S. W. 329, involved a lease contract in which the identical language was employed in restricting the use as appears in the contract under consideration. It provided that the premises were "to be occupied as a pool and billiard room and not otherwise." The lessee was preparing to install in the building a moving picture show when he was enjoined by the lessor. This court, in affirming an order of the trial court granting a temporary injunction, said:

"The contract of lease in this case restricts the use of the building to a billiard and pool hall and an injunction will lie restraining the use to any other purpose, although it may appear that no particular damage would result from such other use." 22 Cyc. 859–862; Railway Co. v. Puckett (Tex. Civ. App.) 82 S. W. 662.

These decisions are in harmony with the rule on the same subject announced in 16 R. C. L. § 232, pp. 739, 740, as follows:

" * * * The landlord's right to injunctive relief is not, however, restricted to acts of his tenant which may constitute legal waste, but it is a general rule that whenever, under the terms of a lease, the lessee is restricted to the use of the leased premises in a particular manner or for a specified purpose, a violation of the covenant by the use of the premises in a different manner or for another purpose affords ground for the interposition of equity by injunction." Page 740.

These authorities are to the point, and, in our opinion, decisive of this controversy against the contention of appellants.

Finding no error in the action of the court below, its judgment is affirmed.

Affirmed.