**DAVIS et al. v. DRIVER et al. (No. 2521.)**

(Court of Civil Appeals of Texas. Amarillo. April 8, 1925.)

1. **Appeal and error ⬅1011(1)—Findings of trial judge on conflicting evidence as to meaning of lease are conclusive on appeal.**

Findings of trial judge on conflicting evidence as to intention of parties and meaning of a lease, as affected by custom, were issues of fact and conclusive on appeal.

2. **Injunction ⬅62(2) — Landlord, having no adequate remedy at law, may restrain violation of lease.**

Landlord has no adequate remedy at law for annoyances to hotel guests and other occupants of a building, caused by fumes and smoke from a restaurant conducted by a tenant in violation of his lease, and such violation will be restrained.

3. **Landlord and tenant ⬅134(3)—Tenant cannot use premises as restaurant which were leased for drug store.**

Tenant cannot use premises as a restaurant under lease permitting premises to be "used and occupied as a drug store and jeweler stand in connection and not otherwise."

Appeal from District Court, Young County; W. F. Schenck, Judge.

Suit by J. A. Driver and others against L. M. Davis and another. From order granting temporary injunction, defendants appeal. Affirmed.

S. A. Penix and Fred T. Arnold, both of Graham, for appellants.

Marshall & King, of Graham, for appellees.

JACKSON, J. This suit was instituted by appellees, John A., H. A., and A. J. Driver in the district court of Young county, Tex., to enjoin L. M. Davis and C. L. Wook, appellants, from preparing, cooking, selling, and serving food to the public, in a building leased by appellees to appellants by written contract, which provides that the premises are "to be used and occupied as a drug store, and a jeweler stand in connection, and not otherwise."

Appellees allege that a space 24 by 75 feet was leased to appellants on the first floor of a three-story building owned by them, situated on lots 15 and 16, block 1, in the city of Graham, Young county, Tex., for use as a drug store, which opens into the lobby of the Roselyn Hotel in said three-story building, and that about the 1st of November, 1924, without consent, appellants began a café and restaurant business on the premises leased to them, preparing, cooking, selling, and serving meat, mashed potatoes, chili, pie, sandwiches, etc., in violation of the lease contract, and that said premises were not intended, nor arranged for use as a café, and as a result of the use of the premises for restaurant business, fumes and smoke were produced in the room, injured the ceiling, and escaped into the lobby and rooms of the hotel, annoyed the guests and rendered untenable the other portions of said three-story building, by which appellees suffered damage in the sum of $1,500. Attached to and made a part of appellees' petition is a copy of the lease contract. They pray for a temporary injunction and ask, upon a hearing, that it be made final.

Appellants answered by general demurrer, general denial, and pleaded that the lease contract provided that the building should be occupied as a drug store, and authorized the use of the premises in the fullest sense of that term, and a "fountain luncheonette" was in contemplation of the parties in making the contract, and by custom in that vicinity and in the state, hot coffee, chocolate pies, and sandwiches were prepared and served, and were intended and permitted under the terms of the lease.

On a hearing on the pleadings and oral testimony introduced, the court granted a temporary order restraining appellants from preparing, cooking, and serving food on the premises leased to them, but refused to enjoin appellants from preparing and serving coffee and chocolate. From the action of the court in granting an order temporarily restraining appellants from preparing, cooking, selling, and serving food on the premises they have appealed.

[1] The contemplation and intention of the parties, and the meaning of the contract as effected by custom, were issues of fact upon which the testimony was conflicting, and the findings of the trial judge on such controverted issues are conclusive on this court.

[2] Appellants urge that the judgment of the court is erroneous because appellees had an adequate remedy at law. For the annoyance to the guests of the hotel and the other occupants of the building by the fumes and smoke from the restaurant business, appellees had no adequate legal remedy, and the equitable powers of the courts are frequently invoked to restrain the use of a building for a business inhibited by the lease contract.

In Dycus v. Traders' Bank & Trust Co., 52 Tex. Civ. App. 175, 113 S. W. 329, the court says:

"The contract of lease in this case restricts the use of the building to a 'billiard and pool hall,' and an injunction will lie restraining the use to any other purpose, although it may appear that no particular damage would result from such other use."

In Weinkrantz et al. v. Southwestern Life Insurance Co. (Tex. Civ. App.) 264 S. W. 550, the lessor had leased to the lessee, by written contract, which provided that the

building was "to be occupied as a retail store for men's hats and not otherwise." Later the lessee began the use of the leased premises for handling and selling gent's furnishing goods in addition to its use as a retail store for men's hats. The lessor was granted a temporary injunction and on motion to dissolve, Judge Looney, speaking for the court says:

"The right of a lessor to control the use of his premises is undisputed. He may insert such conditions in the lease contract with reference thereto as he pleases, and it is not for the lessee to say that they are unreasonable; thus covenants not to carry on a particular business or not to carry on any business except the one named in the lease contract is binding and may be enforced. 16 R. C. L. § 229, pp. 736, 737. This proposition is not controverted by appellants, but they say that the language of the lease that the store is 'to be occupied as a retail store for men's hats and not otherwise' is descriptive and permissive only and not restrictive. We cannot accept this view as the correct interpretation of the lease contract. Appellant, having the undoubted legal right to restrict the use of the store room to a retail store for men's hats, and intending so to do, could not have used more appropriate language than was used to express this idea."

This opinion by Judge Looney is fortified by the citation of numerous authorities.

[3] The contract in the case under consideration provides that the premises leased to appellants is "to be used and occupied as a drug store and jeweler stand in connection and not otherwise," and it is our opinion that the lessors are within their rights in limiting the use of the leased premises to any specific business by contract, and that the stipulation in the lease contract excludes the idea of permitting the use and occupancy of the leased premises as a café or restaurant.

No error appearing in the record, the judgment is affirmed.