John BALES, Appellant,

v.

Clarence JONES, Appellee.

No. 15721.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 24, 1956.

Rehearing Denied March 30, 1956.

Dexter W. Scurlock, Fort Worth, for appellant.

Christopher & Bailey and T. S. Christopher, Fort Worth, for appellee..

MASSEY, Chief Justice.

Clarence Jones, lessor, petitioned for a permanent injunction prohibiting his lessee, John Bales, from stocking, displaying and selling sporting goods, air-conditioning equipment, garden tools, carpenter tools, etc., at the leased premises during the period in which the lease was effective. The lease provided that the premises were "to be occupied as an Auto Accessories Store and not otherwise, * * *."

Following a hearing before the court, judgment was entered in accordance with the lessor's petition. The lessee appealed.

Judgment affirmed.

Jones, as petitioner for injunction, plead the lease and Bales' stocking, displaying and selling of merchandise other than that provided for therein, despite his protest.

Bales, as respondent to the petition, answered by general denial, and also specially pleading that he had entered into an oral contract of lease with Jones, in the course of which and as part and parcel of which Jones agreed that he could carry those lines of merchandise customarily carried, displayed and sold in a certain other auto supply store being operated by him, and in accordance with the custom and practice of other supply stores operating chains. Bales further alleged that in accordance with such oral agreement, he made entry upon the leased premises and established the lines of merchandise so contemplated, —and that it was at a later date, some three or four months after he began operating under the oral lease, he entered into the written lease. He further alleged that the written lease was "dated back" to January 25, 1955.

Upon the hearing, petitioner Jones called respondent Bales to the stand, and established by him the fact that he moved onto the leased premises March 15, 1955, opening it for business on April 1, 1955, with lines of merchandise which occasioned the dispute, as well as automobile accessories. Bales testified that his rent actually started April 1, 1955. He further testified that the lease contract exhibited to him and dated January 25, 1955, was the contract he had with Jones in connection with the premises, and that he continued to display and sell the items of merchandise in dispute until the court's temporary restraining order was issued. He admitted that they were not accessories for automobiles. At this point petitioner rested his case.

Thereafter, Bales, taken by his own counsel, testified that it was after April 1, 1955, that the written lease was presented to him for signature, that he was then in operation and displaying and selling the kind and character of merchandise in dispute, and that Jones was aware of such fact but made no objection.

Jones countered with the testimony of the rental agent who had negotiated and agreed with Bales upon the terms and conditions of the lease. This witness testified that the lease was executed by both Jones and Bales on date of January 25, 1955, in the office of a bank in the City of Fort Worth, and that it was drawn up by one of the bank's stenographers.

■ The trial court ruled out all the parol evidence of negotiations and circumstances surrounding the making of and leading up to the execution of the lease. It is noted that Bales did not seek a construction or reformation of the contract. Neither did he seek to rescind it. There was no allegation or proof of any fraud or mistake. There was no contention in the pleadings that the language of the lease was ambiguous. Under these circumstances all the terms of the agreement between the parties will be concluded in accordance with the language of the lease contract according to its ordinary meaning and natural import. 10 Tex.Jur., p. 516, "Contracts", sec. 301, "Allegations Varying Written 'Contracts—Ambiguity".

■ The trial court was entitled to grant the relief requested when Bales himself admitted every element requisite to the establishment of Jones' right to the injunction. It was not required that Jones show anything in addition to Bales' breach of his negative obligation under the circumstances. 24 Tex.Jur., p. 40, "Injunctions", sec. 24, "Breach of Negative Obligations—Injunction or Specific Performance". When this alleged fact was proved through Bales' admissions, Jones' right to the injunction was established because of the provisions of subdivision 1 of Article 4642, Vernon's Ann.Tex.Civ.St., in that Jones must be held to have shown his entitlement to relief, all or part thereof requiring the restraint of Bales' violation of the negative lease obligations as prejudicial to him. Sumner v. Crawford, 1897, 91 Tex. 129, 41 S.W. 994. The petitioner is not confined to the rules obtaining in equity jurisprudence where he can establish his right to relief under subdivision 1 of Article 4642. This Rule applies in actions by the landlord to restrict the uses of leased premises to those provided by contract. Weinkrantz v. Southwestern Life Ins. Co., Tex.Civ.App., Dallas 1924, 264 S.W. 550; Davis v. Driver, Tex.Civ. App., Amarillo 1925, 271 S.W. 435; and cases in 25A Tex. Dig., Landlord & Tenant, ☞134(6) Actions by Landlord.

■ It appears that Bales' principal attack upon the judgment is because of the fact that Jones failed to prove that the leased premises were a part of several store buildings owned by him and comprising a suburban shopping center and as to each unit in which he represented to prospective tenants that premises already leased were restricted in regard to the type and character of merchandise handled thereat, assuring them that they would not have a competitor among the merchants who were already his lessees, etc. Jones had so alleged in his petition for injunction, further predicating a claim of irreparable injury in relation to his property leased to other tenants, or proposed to be leased to prospective tenants, through Bales' handling of more diverse types and kinds of merchandise than was provided for by his lease. The net effect of Jones' allegations in such regard would only be to inject a surplusage in his pleadings over and above that essential to a demonstration that he was entitled to an injunction. As heretofore indicated, he had established his right thereto under subdivision 1 of Article 4642, V.A.T.S. He would not be prejudiced because he had also alleged additional grounds under subdivision 3 of the same article. Neither would any advantage enure to Bales because he failed to make any proof under the allegations. A party may plead several grounds for injunctive relief, each sufficient in itself to justify the issuance of a writ. He is entitled to the relief sought if he proves only one of the grounds.

All of the points brought forward on appeal must be overruled.

The judgment is affirmed.